# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ASA WAYNE MCCABE,

    Petitioner,

v.                                       CASE NO. 8:04-CV-332-T-27EAJ

JAMES McDONOUGH,

    Respondent.
_____/

## ORDER

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal (Dkt. 12) of the April 30, 2007 Order denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 8) and May 24, 2007 Order denying his Motion for Reconsideration (Dkt. 11). The Court construes the Notice of Appeal as an application for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253 (Dkt. 13).[2] *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Petitioner did not pay the filing fee or file a request for leave to proceed on appeal *in forma pauperis*.

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253©). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253©).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a certificate of appealability when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of his Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that the Request for Certificate of Appealability (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on July 3rd, 2007.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to:
*Pro Se* Petitioner
Counsel of Record